IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY MAXWELL, #180 058,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:18-CV-757-MHT |
| ) | [WO] |
| ALABAMA DEPARTMENT OF  ) | |
| CORRECTIONS – MEDICAL UNIT,  ) | |
| *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Childersburg Work Release Center in Childersburg, Alabama, files this 42 U.S.C. § 1983 alleging a denial of medical care during his incarceration at the Kilby Correctional Facility in Mt. Meigs, Alabama. Plaintiff names as defendants Dr. Rahming, Nurse Orr, and the Alabama Department of Corrections ["ADOC"]–Medical Unit. Upon review, the court concludes that dismissal of Plaintiff's claims against the ADOC–Medical Unit is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. DISCUSSION**

**A. ADOC (Medical Unit)**

Neither the Alabama Department of Corrections nor its agencies are subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School &*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

*Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections and/or a department (unit) within one of its facilities is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's complaint against Defendant Alabama Department of Corrections-Medical Unit be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.   Defendant Alabama Department of Corrections-Medical Unit be DISMISSED as a party to the complaint; and

3.  This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before October 10, 2018**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

*See Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of September, 2018.

/s/ Charles S. Coody
_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE